*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2012-079 & 2012-080

MAY TERM, 2012

| | |
|---|---|
| Jeffrey P. Lamothe | APPEALED FROM: |
| | |
| | Superior Court, Rutland Unit, |
| v. | Civil Division |
| | |
| Cohen & Rice Law Firm and Julie Lamothe | DOCKET NO. 115-3-11 Rdcv |
| | |
| | Trial Judge: Mary Miles Teachout |
| | |
| Jeffrey P. Lamothe | |
| | |
| v. | |
| | |
| Cohen & Rice Law Firm and | |
| Rebecca Rice, Esq. | DOCKET NO. 116-3-11 Rdcv |

In the above-entitled causes, the Clerk will enter:

Plaintiff appeals the superior court's entry of summary judgment dismissing his claims of legal malpractice against his former bankruptcy lawyers. We affirm.

After plaintiff filed his suit, defendants served him with discovery requests seeking disclosure of expert witnesses. Plaintiff made no disclosure in response to the requests. The superior court then granted defendants' motion to compel disclosure. When no disclosure was forthcoming, defendants moved first for preclusion of expert testimony based on his failure to disclose an expert and then for summary judgment based upon the general rule that, "[w]here a professional's lack of care is so apparent that only common knowledge and experience are needed to comprehend it," the elements of legal malpractice "must be established by expert testimony to assist the trier of fact in determining negligence." Estate of Fleming v. Nicholson, 168 Vt. 495, 497 (1998) (noting that claims of negligence by professionals are generally "demonstrated using expert testimony" and that expert testimony is required if "the alleged negligent conduct is a matter of judgment unique to that profession"). Defendants' motion for summary judgment was supported by a statement of undisputed facts attempting to characterize the essence of plaintiff's claims. Plaintiff responded by filing a list of sums that he claimed defendants owed him, but failed to articulate any apparent act of malpractice that could be maintained without expert testimony. Accordingly, the superior court granted summary judgment in favor of defendants as to plaintiff's claims.

In his two one-page briefs submitted on appeal, plaintiff fails to state any claim of error or articulate any claims against defendants on which he could prevail without the benefit of expert testimony. Indeed, the briefs state little more than that his attorneys failed to file his bankruptcy paperwork so as to prevent the repossession of his motorcycle. We find no basis to

disturb the superior court's grant of summary judgment because plaintiff fails to present any facts or law suggesting that he has viable claims on which he could prevail without the benefit of expert testimony.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice